**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KHAN WALI SAYED,** | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | |
| | § | |
| **MARKWAYNE MULLIN,** | § | |
| *in his official capacity as* Secretary of the U.S. Department of Homeland Security; | § | |
| **TODD BLANCHE,** | § | |
| *in his official capacity as* Acting U.S. Attorney General; | § | |
| **DAVID J. VENTURELLA,** | § | **EP-26-CV-00275-DCG** |
| *in his official capacity as* Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; | § | |
| **JOEL GARCIA,** | § | |
| *in his official capacity as* Director of the ICE El Paso Field Office; *and* | § | |
| **JOHN DOE**, | § | |
| *in his official capacity as* Warden of the El Paso Camp East Montana, Texas, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART

For the following reasons, the Court **GRANTS** Khan Wali Sayed's "Petition for Writ of Habeas Corpus" (ECF No. 1) **IN PART** and **ORDERS** Respondents to **RELEASE** Petitioner from custody.

## I.    Background

Immigration and Customs Enforcement ("ICE") is physically detaining Petitioner in El Paso, Texas.[1] According to Respondents, Petitioner is subject to mandatory detention under 8

---

[1] *See* Pet., ECF No. 1, at 1, 3; Resp., ECF No. 5, at 1.

U.S.C. § 1225(b)(2)(A),[2] which applies to noncriminal aliens who are "applicants for admission" to the United States.[3]

Petitioner has remained in ICE custody for more than 90 days.[4] During that time, the Government has neither provided Petitioner a bond hearing nor entered a final order of removal in Petitioner's case.[5]

## II.   Discussion

### A.   Fifth Amendment Due Process Clause

The Fifth Circuit held in *Sosnava Rodriguez v. Ortega* "that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within a reasonable time of detention."[6] As for a "reasonable time," the Fifth

---

[2] *See* Resp. at 1.

[3] *Contrast* 8 U.S.C. § 1225(b)(2)(A) (providing (subject to certain exceptions) that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained"), *with id.* § 1226(c) (governing the "[d]etention of criminal aliens").

[4] *See* Resp. at 2 (indicating that the Government detained Petitioner on January 15, 2025); *see also id.* at 12 (indicating that the Government hasn't given Petitioner an individualized bond hearing).

*See also* Pet. at 6 (indicating that the Government has detained Petitioner since at least January 15, 2026).

[5] Per the undersigned Judge's Standing Order to Provide Status Updates in Immigration Habeas Cases, the parties were required to tell the Court if and when (1) "the Government grants the petitioner a custody redetermination hearing [(*i.e.*, a bond hearing)]," (2) "the Government issues an order of removal against the petitioner," and (3) "the petitioner's order of removal becomes administratively final." A copy of that Standing Order is available at https://www.txwd.uscourts.gov/judges-information/standing-orders/.

Neither party has filed a status update containing that information, so the Court proceeds under the assumption that no final order of removal exists and that Petitioner has not received a bond hearing.

[6] *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *15 (5th Cir. July 2, 2026).

Circuit concluded "that the Government may detain aliens under Section 1225(b)(2)(A) for

*ninety days* but *no longer* without a bond hearing."[7]

The record here indicates that the Government:

(1)     is detaining Petitioner under Section 1225(b)(2)(A);[8]

(2)     has detained Petitioner for more than 90 days;[9] and

(3)     has not given Petitioner a bond hearing at which the Government "articulate[d] an individualized justification for further detention without bond."[10]

Thus, under *Sosnava Rodriguez*, Petitioner is entitled to habeas corpus relief.

### B.     Withholding of Mandate

A judge of the Fifth Circuit has withheld issuance of the mandate in *Sosnava Rodriguez*.[11] There is a split of authority on whether a published opinion is binding

---

[7] *See id.* at \*16 (5th Cir. July 2, 2026) (emphasis added); *id.* at \* 7 (noting that Section 1225(b)(2)(A) "unambiguously provides for mandatory detention" (quoting *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026))).

[8] *See supra* notes 2–3 and accompanying text.

[9] *See supra* note 4 and accompanying text.

[10] *See supra* note 5 and accompanying text.

*See also Sosnava Rodriguez*, 2026 WL 1906557, at \*16 (determining "that a [bond] hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond"); *see also id.* (concluding that "dangerousness and flight risk" may provide such an individualized justification for further detention without bond, but "not reject[ing] the possibility that the Government may be able to assert another justification why an unadmitted alien must be detained").

[11] *See* Order at 2, *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026), ECF No. 166 ("A judge of this Court withholds issuance of the mandate in this appeal.").

*See also* FED. R. APP. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time by order."); 5th Cir. R. 41 I.O.P. ("Any active Fifth Circuit Judge may request that the Court withhold issuance of its mandate.").

notwithstanding the mandate being withheld,[12] but the Court needn't resolve that issue. The

Court is either bound to follow *Sosnava Rodriguez* or will follow it as persuasive, non-binding

authority.

### C.      Remedy

Having determined that (1) *Sosnava Rodriguez* applies to this case and (2) Respondents

have deprived Petitioner of procedural due process under the Fifth Amendment, the Court next

considers the appropriate remedy. Specifically, the Court must decide whether to:

(1)      order Respondents to give Petitioner a bond hearing by a specified date—
which would necessarily occur outside the 90-day window the Fifth Circuit
adopted; or

(2)      release Petitioner from custody immediately.

*Sosnava Rodriguez* indicates that the latter remedy is the appropriate one. The Fifth

Circuit stated that if the petitioners in *Sosnava Rodriguez* had still been in detention at the time

of the panel's ruling,[13] the panel's opinion "would require their *release* unless they had been

provided a bond hearing" by the 90-day deadline that the Fifth Circuit adopted.[14] This Court

---

[12] *Contrast, e.g.*, *Hunter v. United States*, No. 17-10575-EE, 2017 WL 11621371, at *2 (11th Cir. Dec. 27, 2017) ("The stay of a mandate in no way affects the duty of a panel of this Court to apply the precedent established by a case in which the mandate was withheld as binding authority."), *with Spectrum WT v. Wendler*, 816 F. Supp. 3d 648, 666 (N.D. Tex. 2026) (concluding that when "the Fifth Circuit vacated [an] opinion and withheld the mandate," the mandate was "not currently binding on [that] Court").

However, the Eleventh Circuit's position in *Hunter* may be driven by the Eleventh Circuit's Internal Operating Procedures, the relevant provision of which states that "published opinions are binding precedent," and "[t]he issuance or non-issuance of the mandate does not affect this result." *See* 11th Cir. R. 36 I.O.P. 2. The Fifth Circuit's Internal Operating Procedures do not include this provision. *See* 5th Cir. R. 41 I.O.P. It's thus unclear whether the Fifth Circuit would adopt the same approach.

[13] *See Sosnava Rodriguez*, 2026 WL 1906557, at *3 & n.2 (noting that the petitioners had been "released from custody" pursuant to the district court's orders granting their habeas corpus petitions).

[14] *See id.* at *17 (emphasis added).

interprets that language to mean that release—not an untimely bond hearing—is the proper remedy when the Government fails to give a § 1225(b)(2)(A) detainee a bond hearing within 90 days. That is therefore the remedy the Court will grant Petitioner.

### III.    Conclusion

The Court therefore **GRANTS** Khan Wali Sayed's "Petition for Writ of Habeas Corpus" (ECF No. 1) **IN PART** to the extent it requests a bond hearing or release from custody and **DENIES** the Petition **IN PART** as to all other requests.

The Court **ORDERS** Respondents to **RELEASE** Petitioner from custody within **three calendar days** of this Order, subject to appropriate and lawful conditions of supervision.

Respondents **MAY NOT** re-detain Petitioner under the authority of 8 U.S.C. § 1225(b)(2)(A) unless they first successfully move to modify this Order.[15]

The Court **ORDERS** Respondents to **RETURN** Petitioner's property (including identification, immigration papers, cellphone, money, keys, and any other personal effects).

The Court **ORDERS** Respondents to **NOTIFY** the Court **no later than fourteen days** of this Order with confirmation of Petitioner's release.[16]

---

[15] *Cf. id.* ("Regardless, we see no reason to have any of the three detained again to serve additional time prior to a removal order. If a removal order has been issued as to any of these aliens, detention under Section 1225(b)(2)(A) is no longer relevant.").

Nothing in this Order prohibits the Government from re-detaining Petitioner under 8 U.S.C. §§ 1226(c), 1231(a)(2)(A), or another similar source of statutory authority. *See id.* ("[I]f a removal order is entered for any alien who [is] released under our ruling, detention will again be required under Section 1231(a)(2)(A). Our decision does not apply to any alien held under Section 1226(c), or under any other statutory provision requiring detention without bond.").

[16] That deadline is subject to the automatic extension provisions in Federal Rule of Civil Procedure 6(a)(1)(C). *See* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** the following as Respondents in the above-captioned case:

(1)    Secretary of the U.S. Department of Homeland Security **Markwayne Mullin** in place of former Secretary Kristi Noem;

(2)    Acting U.S. Attorney General **Todd Blanche** in place of former Attorney General Pamela Bondi; *and*

(3)    Senior Official Performing the Duties of the Director of ICE **David J. Venturella** in place of former Acting Director Todd M. Lyons.[17]

**So ORDERED and SIGNED this 7th day of July 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

Respondents' deadline to release Petitioner within three *calendar* days is *not* subject to Rule 6(a)(1)(C).

[17] *Compare* Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").